# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REY MUNDO OLIVAS, )<br>)<br>Defendant. )<br>_____) | Case No. 06-10118-MLB |

## MOTION FOR DISCOVERY OF RULE 404(b) EVIDENCE
## AND FOR HEARING ON RULE 404(b) EVIDENCE OUTSIDE
## THE PRESENCE OF THE JURY IN LIMINE

COMES NOW the defendant, Rey Mundo Olivas, by and through his attorney, John E. Rapp, of Hulnick Law Offices, P.A., and respectfully moves this Court for the following orders:

1. An Order directing the government to disclose to defense counsel, before jury selection in the instant case commences, any evidence of "other crimes, wrongs or acts" which it may seek to introduce at trial pursuant to Federal Rule of Evidence 404(b).

2. An Order directing the government that, before evidence sought to be admitted pursuant to Rule 404(b) is mentioned before the jury or attempted to be introduced, the Court and counsel should be informed and a hearing outside the presence of the jury had in order to determine the admissibility of said evidence.

3. An Order instructing the government not to mention, refer to, interrogate concerning or attempt to convey to the jury in any manner, either directly or indirectly, by way of remark, questioning of witnesses, through witnesses answers or argument, "evidence of other crimes, wrongs or acts" until a hearing outside the presence of the jury can be had as aforesaid. This latter Order is

requested whether the above alleged evidence is mentioned in voir dire, opening statements, testimony or at any other time before the jury or panel of prospective jurors. In support hereof, counsel would show to the Court the following:

    a. Pretrial disclosure to Defendant of evidence of "other crimes, wrongs or acts" is necessary so that counsel may argue appropriate motions <u>in limine</u> to prevent the panel of prospective jurors from being poisoned by premature reference to inadmissible evidence.

    b. That a hearing outside the presence of the jury before evidence arguably admissible under Rule 404(b) is mentioned is necessary in order to preserve the Defendant's right to a fair trial and to assure that evidence which is irrelevant, immaterial, based, in part, on hearsay and is of a probative value which is substantially outweighed by its tendency to unfairly prejudice the jury against the Defendant is not admitted in violation of the Federal Rules of Evidence and particularly Rules 401, 402, 403, 802, and the Sixth and Fourteenth Amendments to the United States Constitution.

    c. Further, effective December 1, 1991, this pretrial disclosure of Rule 404(b) evidence is required by the rule itself.

WHEREFORE the defendant, Rey Mundo Olivas, respectfully requests of the Court an Order in conformity with the above requests and such other and further relief as to the Court seems just.

Respectfully submitted,

HULNICK LAW OFFICES, P.A.

s/ John E. Rapp
John E. Rapp
Bar Number 20977
Attorney for Defendant
310 W. Central, Suite 111
Wichita, Kansas 67203
Telephone: (316)263-7596
Fax: (316)263-8084
E-mail: jerapp@hulnicklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Debra L. Barnett, debra.barnett@usdoj.gov.

s/ John E. Rapp
John E. Rapp
Bar Number 20977
Attorney for Defendant
310 W. Central, Suite 111
Wichita, Kansas 67203
Telephone: (316)263-7596
Fax: (316)263-8084
E-mail: jerapp@hulnicklaw.com