# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>REY MUNDO OLIVAS | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: 6:06CR10118-001<br>USM No.: 19504-031<br><br>John E. Rapp<br>Defendant's Attorney |

**THE DEFENDANT:**

[x] admitted guilt to violation of condition(s) <u>standard, mandatory and special</u> of the term of supervision.
[ ] was found in violation of condition(s) ___ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: xxx-xx-6646 | 06/04/2012<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: 1982 | |
| Defendant's Residence Address:<br>837 S Cheyenne St<br>Ulysses KS 678801 | s/ Monti Belot<br>Signature of Judge |
| Defendant's Mailing Address:<br>837 S Cheyenne St<br>Ulysses KS 678801 | Honorable Monti L. Belot, U. S. District Judge<br>Name & Title of Judge<br><br>6/6/12<br>Date |

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Left District Without Permission | 03/30/2012 |
| 2 | Failure to Submit Monthly Supervision Reports as Directed | 04/01/2012 |
| 3 | Failure to Follow Instructions of U.S. Probation Officer | 04/24/2012 |
| 4 | Failure to Notify U.S. Probation of Change in Residence | 02/19/2012 |
| 5 | Use of Drugs | 08/01/2012 |
| 6 | Failure to Attend Sex Offender Treatment as Directed | 05/08/2012 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 months.

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ on ___.

   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before ___ on ___.

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[x] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable)

[x] The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)

[x] The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence. Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment. The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required. (Check if applicable)

[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable)

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or other dangerous weapon.

2. The defendant shall refrain from any unsupervised contact with minors during the term of supervision unless approved by the probation officer.

3. The defendant shall maintain and submit to the U.S. Probation Officer a complete and current inventory of his computer equipment. He shall submit a monthly record of computer use and bills pertaining to computer access to the U.S. Probation Officer.

4. The defendant may access on-line, computer, or Internet services, except that the defendant shall not access any on-line, computer, or Internet services, sites, or media that include or feature material that depicts sexually explicit conduct involving adults or minor[s], child pornography, or visual depictions of minor[s] engaged in sexually explicit conduct, all as defined in 18 U.S.C. § 2256.

5. The defendant shall neither possess nor have under his control any material that depicts sexually explicit conduct involving adults or minor[s], child pornography, or visual depictions of minor[s] engaged in sexually explicit conduct, all as defined in 18 U.S.C. § 2256.

6. The defendant shall not use or possess any date encryption device, program, or technique for computers.

7. During the term of supervision the defendant shall only use his true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer related activities.

8. The defendant will not use any software program or device designed to hide, alter, or delete records/logs of his computer use, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography, and cache/cookie removal software.

9. The defendant will not install new hardware or effect repairs on his computer system without receiving prior permission from the probation officer.

10. The defendant understands that the probation officer may use measures to assist in monitoring compliance with these conditions such as placing tamper resistant tape over unused ports and to seal his computer case and conducting a periodic hardware/software audit of his computer.

11. The defendant shall submit release of information allowing the U.S. Probation Officer authorization to verify utility and telephone access (services) and bills (both past and present) to his residence.

12. The defendant shall provide a complete record of all passwords and user identifications (both past and present) to the U.S. Probation Officer and shall not make any changes without the prior approval of the U.S. Probation Officer.

13. The defendant shall consent to the United States Probation Office conducting periodic unannounced and/or random examinations of his computer(s), Internet-capable devices, hardware, and software under the defendant's control which may include retrieval and copying of all data from his computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

14. The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use, at the defendant's expense, which may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. Any software/hardware device installed will monitor the computer and Internet access of the defendant on a random and/or regular basis and may be disabled or removed by the Probation Office at any time during the term of supervision. The Probation Office may re-install/enable any software/hardware device used to monitor the computer and Internet access of the defendant at any time.

The defendant further understands that a notice may be placed on the computer at the time of installation to warn others of the existence of the monitoring software placed on his/her computer.

15. The defendant will not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software.

16. The defendant shall successfully participate in a mental health treatment program and/or sex offender treatment program. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to periodic polygraph testing to determine if the defendant is in compliance with the conditions of supervision, and share in the costs of treatment based on the ability to pay.

17. The defendant shall submit his person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

18. The defendant shall successfully participate in an approved program for substance abuse, which may include drug/alcohol testing, counseling and inpatient treatment, and share in the costs, based on the ability to pay. The defendant shall abstain from the use of alcohol during said treatment program.